On Motions to Remand and for Rehearing.
 

 LAND, Justice.
 

 This is an appeal from a judgment annulling a marriage.
 

 The plaintiff, Cyril P. Sunseri, married defendant, Verna Cassagne, in the parish of St. Bernard on May 13, 1935. Sunseri brought suit to annul his marriage on the ground that his wife is a person of color, having a traceable amount of negro blood. Defendant answered denying plaintiff’s allegations. On the trial of the case a number of witnesses were heard and a number of documents were offered in evidence. The trial judge rendered judgment annulling the marriage between the parties. From that judgment defendant appealed. Sunseri v. Cassagne, 191 La. 209, 185 So. 1.
 

 In setting aside the judgment and remanding the case, the court, said in part, 191 La. 222, 223, 185 So. 5: “In our discussion of the evidence submitted by the respective parties, we have not considered the effect of the three certificates which were issued by the Recorder of Births and Marriages for the Parish of Orleans, reciting that Verna Cassagne, the defendant, is colored, and that her aunts, Camille Cusachs and Margo Marie Cusachs, and their respective husbands were married as members of the colored race. Apart from these certificates, the evidence, while persuasive, is not conclusive and does not warrant us in holding that defendant is a member of the colored race, particularly in view of the overwhelming testimony that she and her immediate associates have always been regarded as members of the white race and have associated with persons of that race. The recitals of the certificates are presumably correct and, if permitted to stand, will be decisive of the issues involved in this case.
 

 “But the
 
 defendant strenuously insists' that the recitals of the certificates are ■ not cprrect and that they are not in accordance with the true facts. She declares that since the appeal was taken she has discovered certain evidence, which will establish the incorrectness of the records from which the certificates were taken, and she has filed an application to have the case remanded in order that she may have an opportunity of showing the incorrectness of the records and that the parties referred to therein should be designated as white instead of colored to conform to the true facts.”
 

 After the evidence was taken on the remand, the case was again argued in this court and the court, as a whole, held that the certificates reflected the true state
 
 *30
 
 of facts, which show that the defendant has a traceable amount of negro blood.
 

 As stated in part in the opinion affirming the judgment of the lower court:
 

 “There is testimony in the record to the effect that the defendant and her mother have always been considered as being of the white race by their acquaintances in the.City of New Orleans. Relatives by blood and by marriage testified, in behalf of the defendant, that she and her mother are of the white race.
 

 “After a careful consideration of all the evidence in this case, we arrived at the conclusion the judgment of the lower court is correct and should be affirmed. It is with regret that we have to arrive at this conclusion, but the evidence in this case leaves us no alternative.
 

 “For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.”
 

 Defendant has again filed a petition in this case to remand the case, with affidavits annexed, stating that defendánt is white and not of the colored race, for the purpose of impeaching plaintiff’s witnesses who testified to the contrary on the remand of the case.
 

 This testimony is not only cumulative in character but, on the other hand, defendant should have offered to impeach plaintiff’s witnesses when the evidence was adduced on the trial of the case on remand to the lower court.
 

 A motion for rehearing has also been filed in the case, and should be overruled for the reason that the judgment, affirming the judgment appealed from by defendant, is clearly correct.
 

 It is, therefore ordered that the motion to remand be denied; that the motion for rehearing be overruled; and that the judgment herein rendered be made the final judgment of the court.
 

 O’NIELL, C. J., does not take part.
 

 PONDER, J., absent.